IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES GARRISON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. WILSON, et al. | : | No. 06-3566 |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                              July      , 2007

This is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Charles Garrison ("Petitioner"), an individual currently incarcerated in the Fayette State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On March 25, 1975, a jury sitting before Judge McDermott, Court of Common Pleas of Philadelphia County, convicted Petitioner of arson, burglary, and criminal conspiracy. The crimes relate to his commission of "a heinous series of acts calculated to terrorize a female acquaintance and her roommate." <u>Commonwealth v. Garrison</u>, 364 A.2d 388, 389 (Pa. Super. 1976). Judge McDermott sentenced Petitioner to an aggregate term of fifteen (15) to thirty (30) years of imprisonment, followed by twenty (20) years of probation.[1]

---

[1] On May 18, 1976, Petitioner was sentenced to eleven (11) to twenty-two (22) years of imprisonment for rape and simple assault in a separate incident. This sentence was to run concurrently with the aforementioned sentence, with an effective minimum date of February 28, 1990, and a maximum date of February 28, 2005.

On direct appeal, the Pennsylvania Superior Court affirmed the convictions on September 27, 1976.  Commonwealth v. Garrison, 364 A.2d 388 (Pa. Super. 1976) Petitioner's petition for allocatur in the Pennsylvania Supreme Court was denied on November 22, 1976.

On February 24, 1977, Petitioner filed his first petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Hearing Act ("PCHA"), 42 Pa. Con. Stat. Ann. § 9541, et. seq. (superseded and replaced by the Post Conviction Relief Act, "PCRA," in 1988).  After a hearing, this petition was denied on March 30, 1978.  On May 11, 1979, the Superior Court affirmed the denial of Petitioner's PCHA petition. Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court which was denied on August 22, 1979.

On January 3, 1979, Petitioner filed his second PCHA petition, which the Superior Court dismissed as premature on March 22, 1979, pending the disposition of his first PCHA petition before the Superior Court.

On September 14, 1979, Petitioner filed his third PCHA petition in which he requested credit for time served which had not been credited toward his release date.  The PCHA court granted relief on March 12, 1980.

On October 15, 1980, Petitioner filed his fourth PCHA petition, which was denied on March 26, 1982.  Petitioner did not appeal the denial of relief.

On June 19, 1981, Petitioner filed his fifth PCHA petition, which was denied on

December 7, 1981. The Superior Court affirmed the denial of PCHA relief on June 17, 1983.

On October 17, 1984, Petitioner filed his sixth PCHA petition, which was dismissed on December 12, 1984. The Superior Court affirmed the dismissal of Petitioner's petition on September 22, 1987. Petitioner did not appeal to the Pennsylvania Supreme Court.

On November 22, 1990, the Pennsylvania Board of Probation and Parole ("Board") released Petitioner on parole. Petitioner was arrested and charged with a number of new state crimes on November 27, 1991. On December 4, 1991, the Board issued a detainer for Petitioner pending disposition of his criminal charges. The state charges lodged against Petitioner were nolle prossed on September 29, 1992. However, Petitioner remained in state custody based on the Board's detainer, and he was convicted of the federal crime of possession of a firearm by a convicted felon on June 2, 1993. The court sentenced Petitioner to 110 months of federal detention followed by three (3) years of supervised release.

Petitioner's federal conviction led to a state parole revocation hearing, held on September 28, 1993, where the Board determined that because of the untimely nature of the hearing, Petitioner's parole should be continued, not revoked. Petitioner's transfer to federal custody occurred on February 28, 1994, and his parole release occurred on February 24, 2000.

Petitioner was arrested for committing new state crimes on November 14, 2000. The Board issued a detainer for him on November 15, 2000, pending disposition of the new criminal charges. Petitioner was convicted of aggravated assault and possession of an instrument of crime on January 31, 2003. The court sentenced him to five (5) to ten (10) years of imprisonment. The Board held a parole revocation hearing, regarding Petitioner's commission of these new crimes, on June 23, 2003.[2] On July 15, 2003, the Board revoked Petitioner's parole and recalculated his maximum date to May 9, 2013. Petitioner timely petitioned for administrative review of his parole revocation and recalculation decision. The Board denied his petition on November 7, 2003. Petitioner did not appeal this denial, instead filing a petition in Commonwealth Court on February 9, 2005. The Commonwealth Court dismissed the petition and the Supreme Court affirmed on July 27, 2006.

On August 2, 2006,[3] Petitioner filed the instant petition for a federal writ of habeas corpus attacking both his state court convictions and parole revocation. I directed both the District Attorney's office and the Attorney General's office to respond to Petitioner's

---

[2] Petitioner's parole revocation hearing had been scheduled for March 5, 2003, but Petitioner waived his right to a panel hearing. Petitioner subsequently changed his mind and requested a panel hearing on May 27, 2003.

[3] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Petitioner signed his habeas petition on August 2, 2006; therefore, I will assume that he presented his petition to prison authorities on that date.

claims. Both Respondents have filed answers asserting that Petitioner is not entitled to federal habeas relief because his claims relating to his state court conviction are time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and his parole revocation claims are time-barred, partially unexhausted, and without merit.

**DISCUSSION:**

I.   **State Court Conviction**

   A.  **Statute of Limitations**

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations for Petitioner's state court conviction is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).  The Pennsylvania Supreme Court denied Petitioner's request for allocatur on November 22, 1976.  Therefore, Petitioner's conviction became final on February 22, 1977, ninety (90) days after his judgement of sentence was affirmed by the Pennsylvania Supreme Court on direct appeal.  28 U.S.C. §§ 2101(c), 2244(d)(1)(A); see Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (stating direct review becomes final at the conclusion of petitioner's time for seeking certiorari in the United States Supreme Court).  Because his conviction became final prior to April 24, 1996, the effective date of the AEDPA, Petitioner had until April 23, 1997, to timely file his § 2254 petition.  Duncan v. Walker, 533 U.S. 167 (2001) ("In the context of AEDPA's 1-year limitations period, which by its terms runs from 'the date on which the judgment became final,' see § 2244(d)(1)(A), the Courts of Appeals have uniformly created a 1-year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA."); Burns, 134 F.3d at 111-12.

6

Petitioner submitted the instant motion for filing on August 2, 2006, over nine (9) years after the limitation period had expired on April 23, 1997. He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Petitioner would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

**B.     Equitable Tolling**

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence, 127 S.Ct. 1079, 1085 (2007) ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 127 S.Ct. at 1085 (citing Pace v. DiGuglielmo, 544 U.S.

408, 418 (2005)); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Petitioner presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so. Because Petitioner has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, Petitioner's claims relating to his state court conviction should be dismissed as untimely.

## II.     Parole Revocation and Sentence Calculation

### A.     Statute of Limitations

As discussed above, Section 101 of the AEDPA imposes a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). The one (1) year limitations period found in § 2244(d)(1) applies

to any challenge by a convicted state prisoner to the denial of parole and to the calculation of his sentence.  See McAleese v. Brennan, 483 F.3d 206, 212-213 (3d Cir. 2007); Mitchell v. Dep't of Corr., 272 F.Supp.2d 464, 476 (M.D. Pa. 2003) (citing McLean v. Smith, 193 F.Supp.2d 867, 872 (M.D.N.C. 2002)).

The applicable starting point for the statute of limitations, relating to Petitioner's parole claims, is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Mitchell, 272 F.Supp.2d at 476 (citing 28 U.S.C. § 2244(d)(1)(D)).  Petitioner became aware that the Board had revoked his parole and recalculated his maximum sentence through the Board's decision dated July 15, 2003, which was mailed to him on that date.[4]  Petitioner had thirty (30) days from that time to appeal the Board's decision.  See 37 Pa.Code § 73.1(b)(1).  Petitioner timely petitioned for administrative review, which the Board denied on November 7, 2003.  Petitioner did not appeal.  Consequently, the one (1) year statute of limitations began to run on November 7, 2003, and Petitioner had until November 7, 2004, to file the instant petition in a timely manner.

Petitioner submitted the instant motion for filing on August 2, 2006, over one (1) year after the limitation period expired on November 7, 2004.[5]  He does not assert that

---

[4]Petitioner does not allege that he did not receive a copy of the Board's decision and was thus unaware of the decision.

[5]On February 9, 2005, Petitioner filed his petition for review in the Pennsylvania Commonwealth Court.  This petition would not toll the federal statute of limitations because it was filed after the federal statute of limitations had already expired.  Consequently, the time

9

there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered.  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Consequently, Petitioner would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

Again, this Court does not find the instant matter to be one of "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice."  See Jones, supra.  Petitioner presents this Court with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.  Because Petitioner has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair.  Consequently, Petitioner's parole claims should be dismissed as untimely.

**B.     Exhaustion**

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  A petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise,

---

during which this appeal was pending would not impact this court's calculations regarding the one (1) year limitation period.

by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); Picard v. Connor, 404 U.S. 270 (1971). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

### 1. Constitutional Claims

Prisoners who challenge the denial of parole on constitutional grounds other than the Ex Post Facto clause are not required to file a petition for writ of mandamus in state court in order to satisfy the habeas exhaustion requirement.[6] DeFoy v. McCollough, 393 F.3d 439, 445 (3d Cir. 2005). Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b)(1) does not preclude this court from reaching the merits of petitioner's constitutional claims relating to his parole denial.

### 2. Sentence Calculation

The Pennsylvania Commonwealth Court has held that the appeal process available to an inmate who seeks the recalculation of his maximum sentence date is found at 37 Pa.Code § 73.1(b)(1). See Evans v. Pennsylvania Dept. of Corrections, 713 A.2d 741 (Pa. Commw. Ct. 1998). That regulation reads in relevant part, "[p]etitions for administrative review shall be received at the Board's Central Office within 30 days of

---

[6] While Petitioner did seek mandamus in the Commonwealth Court, his petition was dismissed as untimely.

the mailing date of the Board's determination." 37 Pa.Code § 73.1(b)(1).  On appeal from a denial of administrative relief by the Board, the Commonwealth Court is empowered to hear a petition for review against the Department of Corrections to challenge sentence calculation.  See, e.g., Commwealth v. Perry, 563 A.2d 511, 512-13 (Pa. Super. 1989) ("If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation.").

Petitioner failed to file a timely petition for review of his sentence calculation claim in the Commonwealth Court.  Therefore, when Petitioner filed a petition for review of the Board's decision in the Commonwealth Court fifteen (15) months later, it was dismissed for lack of jurisdiction.  Because the claim was never properly presented for adjudication at the state level, I find that the claim is unexhausted.

I may, however, deny a habeas claim on the merits even where the petitioner has failed to satisfy exhaustion.  See U.S.C. § 2254(b)(2); Bronshtein v. Horn, 404 F.3d 700, 728 (3d Cir. 2005) ("Under 28 U.S.C. § 2254 (b)(2), we may deny claims on the merits even though they are not properly exhausted").  An examination of the underlying interests of the state court system, as well as the interests of Petitioner himself, supports bypassing the exhaustion requirement for this claim.  Moreover, upon review of Petitioner's claim, I find that there is clearly no basis for relief.  As a result, in the interest

of thoroughness, I will address the merits of all of Petitioner's claim.

  C.  **Merits of Petitioner's Claims**

    1.  **Due Process Claims**

      a.  **Procedural Due Process**

Petitioner claims that his due process rights have been violated. Under the Fourteenth Amendment, a state may not authorize the deprivation of a protected liberty or property interest without providing a procedural mechanism in connection with that deprivation that satisfies the requirements of due process. See U.S. Const. amend. XIV. An inmate has a liberty interest recognized by federal and state law to be released upon expiration of his sentence and a state can not deprive him of that interest without procedural due process. Sample v. Dieks, 885 F.2d 1099, 1114 (3d Cir. 1989). In order to establish that the state has violated an individual's right to procedural due process, a petitioner must (1) demonstrate the existence of a protected interest in life, liberty, or property that has been interfered with by the state, Board of Regents v. Roth, 408 U.S. 564, 571 (1972); and then, (2) establish that the procedures attendant upon that deprivation were constitutionally insufficient. Hewitt v. Helms, 459 U.S. 460, 477 (1983).

Petitioner has failed to prove that any protected interest has been interfered with, or that any procedures were constitutionally deficient. He appears to argue that his due process rights were violated when the Board declined to revoke his parole in 1993.

13

However, while the Board has the discretion to recommit a parole violator, it is not required to do so. See Pa. Stat. Ann. tit.61, §331.21a(a). Further, the Board's 1993 decision not to revoke Petitioner's parole would have benefitted Petitioner had he not committed additional crimes in 2000, because he was able to remain on state parole while serving a federal sentence. As such, I conclude that Petitioner's protected interests have not been interfered with and that these facts do not give rise to a valid due process claim.

Petitioner also appears to argue that his subsequent parole denials were in violation of his due process rights. However, the United States Constitution does not explicitly create a legitimate claim of entitlement to parole, nor has such an entitlement been implicitly read into the Constitution. Rauso v. Vaughn, 79 F.Supp.2d 550, 551 (E.D. Pa. 2000); Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (holding that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence and distinguishing parole revocation which implicates a liberty interest, from parole release decisions which do not). Furthermore, both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rauso, 79 F.Supp.2d at 551; Rogers v. Pa. Bd. of Probation and Parole, 724 A.2d 319, 323 (Pa. 1999). Because Petitioner cannot establish that there is a liberty interest in parole, I find that he has not demonstrated a violation of a protected

constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's actions did not violate any federal constitutional right to procedural due process.

Even if Pennsylvania's parole statute created a "protectible expectation of parole," no more procedural due process is constitutionally required than giving Petitioner the opportunity to be heard, and when parole is denied, informing the inmate in what respect he or she falls short of qualifying for parole. Greenholtz, 442 U.S. at 16. In the present case, Petitioner was given an opportunity to be heard prior to the Board's decision. He was also provided with a statement of reasons as to why he fell short of qualifying for parole and what corrective steps he will need to take in order to put himself in a better position for parole consideration.

I find that the reasons provided by the Board in support of the denial of Petitioner's parole clearly identified the basis for its decision and were statutorily and constitutionally adequate. See 61 Pa. Cons. Stat. Ann. § 331.22 (requiring brief statement of reasons for Board's action). Accordingly, I further find that the Board's written decision not to release Petitioner on parole did not constitute a violation of Petitioner's procedural due process rights.

          **b.**    **Substantive Due Process**

Petitioner also contends that the Board relied on unconstitutional factors to deny his application for parole. Specifically, he asserts that his Fifth Amendment right against

self-incrimination was violated when the Board considered his lack of participation in a sex offender treatment program as a factor in denying him parole.  See U.S. Const. amend. V ("[n]o person . . . shall be compelled in any criminal case to be a witness against himself").  To the extent that Petitioner argues that his substantive due process rights were violated by the Board's denial of parole, I find such a claim to be meritless as well.  The Third Circuit has recognized a cause of action under substantive due process that is distinct from procedural due process.  Burkett, 89 F.3d at 139-40; Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980).  The Supreme Court has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'"  Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)).  Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights.  Burkett, 89 F.3d at 140.  In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth.  Block, 631 F.2d at 237.

Pennsylvania law grants the Board broad discretion to refuse or deny parole. Under state law the Board is authorized:

> to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the [B]oard . . . whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the

> Commonwealth will be injured thereby.

61 Pa. Cons. Stat. Ann. § 331.21(a) ("Power to parole; refusal of parole at expiration of minimum term; controlled substance screening; recommitment and reparole"). The Board's consideration encompasses many different factors, including:

> . . .the nature and circumstances of the offense committed . . . the general character and background of the prisoner. . . the conduct of the person while in prison and his physical, mental and behavior condition and history . . .

61 Pa. Cons. Stat. Ann. § 331.19 ("Investigation of circumstances of offenses and character and history of prisoner; matters considered in granting parole").

I find that the Board's parole decision comports with Pennsylvania's statutory requirements as well as the United States Constitution. As discussed, supra, the Board determined that Petitioner was ineligible for parole, provided Petitioner with the reasons for the denial and indicated what factors the Board would consider at Petitioner's next parole interview. See App. to Resp't Answer, at 19-20, 26-27, 34-35. Certainly, nothing in the Board's decision intimates that the Board relied on any unconstitutional factors when it denied Petitioner's application for parole. See Burkett, 89 F.3d at 139; Block, 631 F.2d at 236; Walker v. DiGuglielmo, 2006 WL 851248 at *2 (E.D. Pa. 2006); Lindeman v. Pennsylvania Bd. of Probation and Parole, 1999 WL 1240958, at *2 (E.D. Pa. 1999). Indeed, the Board denied Petitioner's parole based on his version of the nature and circumstances of the offenses committed, his refusal to accept responsibility and lack of remorse for the offenses committed, the recommendation made by the Department of

Corrections, his institutional behavior, including reported incidents of misconduct, and his interview with the hearing examiner and/or board member. Any one of these factors would have been sufficient to support the Board's decision.

To the extent that Petitioner alleges that the Board's requirement that Petitioner participate in a sex offender program constitutes a violation of his Fifth Amendment rights against self-incrimination, I disagree. Petitioner's required participation in a sex offender program does not implicate the Fifth Amendment because such participation does not require Petitioner to incriminate himself in a criminal trial. See Thorpe v. Grillo, 80 Fed. Appx. 215 (3d Cir. 2003) (non-precedential) (excluding inmate from sex offender treatment program due to refusal to admit guilt did not violate Fifth Amendment because inmate was not forced to incriminate himself at trial and was not automatically denied parole)[7]; Zuniga v. Pa. Bb. of Prob & Parole, 2007 WL 1002179 (E.D. Pa. Mar. 29, 2007). Petitioner's lack of participation in the program, a condition of which is an admission of guilt, neither extended his term of incarceration, nor precluded his consideration for parole. See Id. at *12; Thorpe, 80 Fed. Appx. at 219. Petitioner had the opportunity to admit guilt and potentially improve his chances for parole, or to not do so and still remain eligible for parole consideration. Ultimately, Petitioner's failure to complete the program was simply one of several factors considered by the Board in denying him parole.

---

[7] In citing to this non-precedential case, I acknowledge that the case is not binding, but rather provides useful analysis for a factually similar matter, such as the instant case.

Because Petitioner's claims do not give rise to a violation of his Fifth Amendment or due process rights, I find that this claim should be denied.

**2.     Sentence Calculation**

Petitioner next appears to argue that the Board should have allowed him to serve his federal sentence and his state sentence at the same time and to also receive credit toward his state sentence for time spent on the street under federal and state parole supervision. He claims that he is serving double time due to the Board's purported error. As a threshold issue, the loss of parole credits under Pennsylvania law does not implicate a federal constitutional question. See Zerbst v. Kidwell, 304 U.S. 359, 363 (1938); U.S. ex rel. Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970); see also Person v. Pa. Bd. of Prob. & Parole, 1999 WL 973852 (Oct 9, 1999) (an error in calculating the amount of credit for time spent on parole does not amount to a constitutional violation cognizable in a federal habeas action). However, even if this claim were properly before this Court, I would find that Petitioner's claims have no basis in the law. A parolee who is convicted of a new crime while on parole, loses credit towards his sentence for all time served on parole. See Pa. Stat. Ann. Tit. 61 §331.21A. As previously discussed, Petitioner would have benefitted from the Board's decision to allow his state parole to continue while in federal custody, had he not committed additional crimes upon release from federal detention. Ultimately, Petitioner neither benefitted nor suffered a loss based on the Board's 1993 decision to allow his state parole to continue. As such, Petitioner's claim

19

should be denied.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this       day of July, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

                                           s/Peter B. Scuderi
                                           PETER B. SCUDERI
                                           UNITED STATES MAGISTRATE JUDGE